UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA M. CONSOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>　　　　Defendant. | CASE NO. EDCV 06-1266-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On November 28, 2006, Theresa M. Consos ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits. On December 14, 2006, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On January 12, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on May 29, 2007, defendant filed an Answer to the Complaint. On August 6, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

# BACKGROUND

On August 6, 2003, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ["AR"] at 52). Plaintiff alleged a disability onset date of July 24, 2003 due to hepatitis C, end-stage liver disease, carpal tunnel syndrome, depression, enlarged heart, and vision and hearing impairments. (AR at 58-59). Plaintiff was denied benefits both initially and upon reconsideration. (AR at 21, 22).

Thereafter, on May 27, 2004, plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (AR at 38). On March 30, 2005, the ALJ conducted a hearing in San Bernardino, California. (AR at 228-45). Plaintiff appeared at the hearing with counsel and testified. (AR at 231-45). Sandra M. Fioretti, a vocational expert, also testified at the hearing. (AR at 242-43). On May 16, 2005, the ALJ issued his decision denying benefits to plaintiff. (AR at 12-20). The Appeals Counsel denied plaintiff's timely request for review. (AR at 4).

Thereafter, plaintiff appealed to the United States District Court.

# PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the results of the internal medicine consultative examination.

2. The ALJ failed to pose a complete hypothetical to the vocational expert.

3. The ALJ failed to make proper findings regarding plaintiff's credibility.

4. The ALJ failed to properly consider the lay witness testimony of Doris Vavricka, plaintiff's friend .

///
///
///
///
///

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

## DISCUSSION

### A.  The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2003).

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in

1 Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals
2 one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S.
3 at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant
4 from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his
5 or her past relevant work, the ALJ proceeds to the fifth step and must determine whether
6 the impairment prevents the claimant from performing any other substantially gainful
7 activity. Id.

8 The claimant bears the burden of proving steps one through four, consistent with
9 the general rule that at all times, the burden is on the claimant to establish his or her
10 entitlement to disability insurance benefits. Id. Once this prima facie case is established
11 by the claimant, the burden shifts to the Commissioner to show that the claimant may
12 perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir.
13 2006).

14 **B.     Plaintiff's Functional Status**

15 Plaintiff argues that the ALJ erred by rejecting the opinion of Denny H. Lee, M.D.,
16 regarding plaintiff's functional limitations. (Joint Stipulation at 3). Specifically, plaintiff
17 alleges that the ALJ failed to provide specific and legitimate reasons for omitting Dr.
18 Lee's opinion that plaintiff has a hearing limitation and is limited to only occasional
19 pushing, pulling, turning and twisting with both upper extremities from plaintiff's residual
20 functional capacity . (Joint Stipulation at 5).

21 Dr. Lee conducted an internal medicine evaluation of plaintiff on September 22,
22 2003. (AR at 158-63). Dr. Lee noted that plaintiff's medical records from the prior year
23 indicated she had been diagnosed with end-stage liver disease, increased blood sugar,
24 hepatitis C and depression. (AR at 159). He noted that plaintiff has had hepatitis C for
25 more than 10 years and that her most recent liver biopsy showed borderline cirrhosis. (AR
26 at 158). Dr. Lee noted that plaintiff's chief complaint was problems with her liver. (Id.).

27
28 ///

Dr. Lee noted that plaintiff suffers from bilateral carpal tunnel syndrome and that she complained of numbness in multiple fingers on both hands. (AR at 158). Dr. Lee noted that plaintiff was previously prescribed a splint, which did not result in significant improvement, and "apparently surgery was not done because of a diagnosis of diabetes." (AR at 158). He noted that plaintiff's right wrist is slightly worse than the left, according to her medical history, but concluded that she has a normal range of motion in both wrists with slight tenderness in both wrists. (AR at 161-62). Dr. Lee also found the range of motion in plaintiff's back, shoulders and elbows to be normal. (AR at 161).

Dr. Lee noted that plaintiff has suffered from the loss of hearing in both ears for many years and has been using hearing aids in both ears for at least two years. (AR at 159). Dr. Lee noted that plaintiff only had her right hearing aid on during the examination and did not wear her left hearing aid. (AR at 160, 162). Dr. Lee found that plaintiff "had difficulty hearing normal conversation across the room." (AR at 160).

Based on his examination, Dr. Lee concluded that plaintiff had the following residual functional capacity:

> She can lift and carry 20 lbs. occasionally and 10 lbs. frequently. She can stand and walk for up to 6 hours and sit for 6 hours out of an 8-hour workday with regular breaks. With both upper extremities, pushing, pulling, turning, and twisting should be limited to occasionally. She has a hearing limitation.

(AR at 162).

In his decision, the ALJ concluded that plaintiff has the residual functional capacity to perform sedentary work, or work that involves lifting no more than ten pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. (AR at 17). The ALJ also determined that plaintiff "is unable to perform work involving unprotected heights, dangerous machinery or temperature extremes and she is able to perform on an occasional basis, postural activities such as climbing, balancing, stooping,

kneeling, crouching and crawling." (AR at 17). However, the ALJ omitted from his residual functional capacity findings Dr. Lee's opinion that plaintiff should be limited to occasional pushing, pulling, turning, and twisting with both upper extremities and plaintiff's hearing limitation. (AR at 17-18).

The ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole. See 20 C.F.R. § 416.945 (2006). The ALJ is responsible for resolving conflicts in medical testimony and may properly disregard a treating physician's opinion, even when no other medical evidence contradicts that opinion, by presenting clear and convincing reasons for doing so. See Magallanes v. Brown, 881 F.2d 747, 750 (9th Cir. 1989); Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir. 1995). Where the opinion of the treating physician is contradicted by another doctor, the opinion of the treating physician may not be rejected without providing specific and legitimate reasons supported by substantial evidence in the record for doing so. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

Here, the ALJ provided no explanation for disregarding Dr. Lee's opinion regarding plaintiff's upper extremity limitations.[1] Although Dr. Lee stated that plaintiff had good muscle strength and a normal range of motion in her upper extremities, shoulders, and wrists, he ultimately concluded that plaintiff should be limited to occasional pushing, pulling, turning and twisting with both upper extremities. (AR at 161-62). While the ALJ mentioned this portion of Dr. Lee's opinion in his decision, the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence

---

[1] Defendant argues that the ALJ's restriction of plaintiff to sedentary work is more restrictive that Dr. Lee's assessment of plaintiff's functional capacity. (Joint Stipulation at 6). However, by definition, sedentary work requires "[e]xerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body."

in the record, for disregarding Dr. Lee's opinion of plaintiff's upper extremity limitations, and erred in failing to do so. See Lester, 81 F.3d at 830.

The only other medical evidence of plaintiff's upper extremity functional ability that the ALJ refers to in his decision are the findings of Diana Cordrey, PhD., who performed a consultative psychological evaluation of plaintiff on October 27, 2003. (AR at 15; see AR at 164-70). The ALJ noted that during the psychological examination, Dr. Cordrey found plaintiff's posture to be good, that her gait was normal and that "gross and fine motor coordination were within normal limits." (AR at 15). Even if the ALJ found Dr. Cordrey's opinion of plaintiff's functional abilities to constitute a contradicting medical opinion, the ALJ failed to present clear and convincing reasons for disregarding Dr. Lee's opinion in favor of Dr. Cordrey's. Thus, even if the ALJ believed there was contradicting medical evidence in the record, the ALJ erred by failing to provide clear and convincing reasons for crediting the contradicting medical evidence over Dr. Lee's opinion. See Andrews, 53 F.3d at 1040.

### C. The Hypothetical Question Posed to the Vocational Expert

At step five of the sequential evaluation, the ALJ must determine whether the claimant's impairment prevents him or her from performing any other substantially gainful activity. Parra, 481 F.3d at 746. At this step, the burden is on the Commissioner to show that the claimant may perform other gainful activity. Lounsburry, 468 F.3d at 1114. This burden may be met by eliciting the testimony of a vocational expert in response to a hypothetical that sets out all of the limitations and restrictions of the claimant. Magallages v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).

In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Andrews, 53 F.3d at 1044; Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995). The hypothetical should be "accurate, detailed and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).

The ALJ is required to make specific findings justifying the decision to discredit certain alleged impairments, and those justifications must be supported by substantial evidence. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); Embry v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Thus, it is proper to omit an alleged impairment from a hypothetical if the omission of the impairment is supported by substantial evidence in the record. Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).

Where a hypothetical fails to reflect each of the claimant's limitations that are supported by substantial evidence, the vocational expert's answer has no evidentiary value. Gallant, 753 F.2d at 1456 ("Because neither the hypothetical nor the answer properly set forth all of Gallant's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Here, the ALJ failed to include Dr. Lee's opinion that plaintiff should be limited to occasional pushing, pulling, turning, and twisting with both upper extremities in the hypothetical he posed to the vocational expert. The ALJ posed the following hypothetical to the vocational expert:

> [A]ssume a hypothetical individual whose age, education and prior work history [INAUDIBLE]. And assume the person is restricted to a sedentary range of work, no work on unprotected heights, no work on dangerous machinery, no temperature extremes. Occasional climbing, balancing, stooping, kneeling, crouching, crawling.

(AR at 242). Based on this hypothetical, the vocational expert testified that plaintiff could work sedentary/unskilled jobs such as an assembler, buttons and notions, Dictionary of Occupational Titles ("DOT") job number 734.687-018, or as a charge-account clerk, DOT job number 205.367-014. (AR at 242-43). According to the DOT, both of these positions have a strength rating of sedentary, which requires "[e]xerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3

to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body." Thus, both of the jobs the vocational expert testified that plaintiff could do require the ability to push, pull, or otherwise move objects, including the human body frequently, or one-third to two-third of the time, rather than occasionally, or up to one-third of the time, as opined by Dr. Lee.

Dr. Lee's opinion of plaintiff's upper extremity limitations was not mentioned prior to the vocational expert's testimony at the ALJ hearing, and there is no indication that the vocational expert reviewed the medical evidence or had the opportunity to see Dr. Lee's report before testifying. Substantial evidence of plaintiff's pain and upper extremity limitations exists in the record. (See AR at 77, 92, 103, 162). Accordingly, the ALJ erred in omitting plaintiff's upper extremity limitations from the hypothetical presented to the vocational expert. See Richardson, 402 U.S. at 401.

In his decision, the ALJ expressly accepts and adopts the testimony of the vocational expert:

> Based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore reached . . .[T]he Administrative Law Judge concludes that the claimant retains the capacity for work that exists in significant numbers in the national economy and is not under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

(AR at 18).

The vocational expert's response to the hypothetical was the only evidence offered by defendant to meet the burden of proving that plaintiff may perform other gainful

activity. Because the hypothetical posed to the vocational expert failed to reflect limitations supported by substantial evidence, and the ALJ failed to make specific findings justifying his decision to discredit Dr. Lee's opinion of plaintiff's upper extremity limitations, the vocational expert's answer has no evidentiary value. See Gallant, 753 F.2d at 1456. Accordingly, the ALJ erred in adopting the vocational expert's response and using it as the basis to conclude that plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy and, therefore, plaintiff that is not disabled.

D.   **Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to properly consider Dr. Lee's opinion of plaintiff's functional limitations and erred in omitting the functional limitations from the hypothetical posed to the vocational expert. On remand, the ALJ must provide specific and legitimate reasons for rejecting the opinion of Dr. Lee in favor of a contradicting medical opinion, if he chooses to do so, and include all limitations supported by substantial evidence in the record in any hypothetical that the ALJ chooses to present to a vocational expert.[2]

---

[2] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to make proper findings regarding plaintiff's credibility and in failing to properly consider the lay witness testimony of Doris Vavricka, plaintiff's friend. As explained above, however, the ALJ's error in failing to properly consider Dr. Lee's opinion of plaintiff's upper extremity limitations and present a complete hypothetical to the vocational expert constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 12, 2007

/s/
JENNIFER LUM
UNITED STATES MAGISTRATE JUDGE

---

consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.